[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
DECISION
This matter is before the court on defendants' George McDonald and Steven Ferdinandi's motion for sanctions to be imposed upon the plaintiff, Irene Petrarca. In support of their motion the defendants contend that the plaintiff's complaint fails to meet the requirements of both Super. Ct. R. Civ. P. 11 and Gen. Laws 1956 (1985 Reenactment) § 9-29-21. The plaintiff's complaint alleges that the defendants mishandled an eviction matter in which the defendants represented her. In fact, United States District Court Judge Ernest Torres dismissed with prejudice a complaint similar to the instant complaint on or about August 12, 1988. In denying Mrs. Petrarca's motion to proceed in forma pauperis in that case, Judge Torres stated:
 "Many of the defendants named in this suit have been forced into a costly defense over the years by various postures these allegations have assumed. The plaintiff was warned at the hearing on the motions to dismiss that at some point the court could no longer indulge in her litigious bent and that sanctions may be appropriate even though her suit was filed pro se."
In subsequent appeals to both the United States Court of Appeals for the First Circuit, and the United States Supreme Court, the plaintiff's cause of action was dismissed. Consequently, the defendants now move that this court impose sanctions upon the plaintiff pursuant to Super. Ct. R. Civ. P. 11 and § 9-29-21 of the Rhode Island General Laws.
Gen. Laws § 9-29-21 provides in part as follows:
 "A party who is not represented by an attorney shall sign his pleadings, motion or other papers and state his address and telephone number. The signature of an attorney or party constitutes a certificate by him that he has read the pleadings, motion or other paper; that to the best of his knowledge, information and belief formed after reasonable inquiry it is well grounded in fact and is warranted by existing law or a good faith argument for the extension, modification or reversal of existing law, and that it is not interposed for any improper purpose, such as to harass or to cause unnecessary delay or needless increase in the cost of litigation."
Rule 11 requires that there be sufficient knowledge, information and belief that there is good ground to support the pleading.
In the matter now before the court, Mrs. Petrarca is once again seeking to pursue what is essentially the same cause of action against the defendants that was dismissed by the United States District Court for the District of Rhode Island, the United States First Circuit Court of Appeals and the Supreme Court of the United States. The defendants, therefore, contend that the lawsuit is without merit and is frivolous, repetitive and harassing. They further argue that this cause of action amounts to both an abuse and misuse of the judicial process. To this end, the defendants request that they be excused from responding to any future claims filed by the plaintiff unless and until the plaintiff shall first deposit Five Hundred ($500.00) Dollars with the Registry of the Court for the benefit of the defendants.
The court is in agreement with the defendants' assertion that the plaintiff's present cause of action is in violation of both §9-29-21 of the General Laws and Super. Ct. R. Civ. P. 11. The court finds that the plaintiff's motive in filing the instant claim is indeed improper in that it is seemingly to harass the defendants. The plaintiff's familiarity and extensive experience with the judicial process leads this court to conclude that the imposition of sanctions is warranted. Accordingly, the defendants' motion for sanctions is granted to the extent that the plaintiff shall now be required to deposit with the Registry of the Court, for the benefit of the defendants, the sum of Five Hundred ($500.00) Dollars before she is entitled to file any petition, motion, appeal or other claim regarding these defendants.
Counsel are directed to prepare an order in conformity with this decision.
Addendum
Subsequent to the hearing relative to the hearing on the above motion, plaintiff filed a motion to vacate on a variety of grounds. First and foremost she argues that she had filed a motion for a continuance. The record does not bear this out. She did approach a court clerk, Ms. Lois Kalafarski, and advise Ms. Kalafarski that she, plaintiff, wanted a continuance. Unbeknownst to Ms. Kalafarski, the scheduled hearing date had been one of longstanding and it had been made clear to all parties that there would be no continuances. Plaintiff's eleventh hour attempt to seek a continuance, and an informal one at that, is of no effect.
Plaintiff's motion to vacate is denied. Order to enter.